UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE ROBERT STRAHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-28-SNLJ |
| ) | |
| UNKNOWN PHIBBS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by plaintiff George Robert Strahan. For the reasons explained below, the Court will give plaintiff the opportunity to file a second amended complaint.

### Background

Plaintiff filed the original complaint to against the Butler County Jail, and against a corrections officer whose identity was not clearly specified. Upon initial review, the Court determined that while it appeared plaintiff intended to assert an excessive force claim against the officer, he failed to allege sufficient facts to state such a claim. The Court further determined that while it appeared plaintiff wished to assert claims premised upon constitutionally inadequate medical care, the complaint did not contain sufficient facts to state such a claim.

The Court entered an order directing plaintiff to file an amended complaint to clearly set forth his claims and supporting allegations. The Court explained the reasons the complaint was subject to dismissal, and gave plaintiff clear instructions about how to prepare the amended complaint. The Court specifically instructed plaintiff that he was required to file the amended complaint on the proper form, which the Court provided to him. See E.D. Mo. L.R. 2.06(A) ("All

actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). The Court further instructed plaintiff, *inter alia*, that he must specify the capacity in which he sued each defendant, and he must allege facts showing how each named defendant was personally involved in, and directly responsible for, causing harm. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standard on Initial Review

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429

U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Amended Complaint

Plaintiff did not file the amended complaint on the proper form, as required. He titled the amended complaint "Plaintiff's Proposed Amended Complaint/Motion to Amend." (ECF No. 7). He identifies the defendants as Sheriff Mark Dobbs, and corrections officer Gregory Fibbs. He does not specify the capacity in which he sues the defendants, despite this Court's prior instruction to do so. He alleges as follows.

On August 12, 2019 while plaintiff was housed in the Butler County Jail, Fibbs visited his cell to distribute medication. Fibbs removed pills from a bag and gave them to plaintiff, but plaintiff refused to take them. Fibbs instructed plaintiff to put the pills back in the bag, and as plaintiff did so, some pills fell to the floor. As plaintiff bent down to retrieve them, Fibbs grabbed plaintiff in a choke-hold and "body-slammed the plaintiff head first into a concrete floor." *Id.* at 3. Fibbs then slapped plaintiff on the chest four times, said "have a nice day," and left. *Id.* Plaintiff avers that Dobbs was not personally responsible for any harm. However, he claims Dobbs should nevertheless be held liable because he was Fibbs's supervisor and "knew or

3

should have known" that Fibbs was dangerous, and also because he failed to train Fibbs. *Id.* at 4. Plaintiff offers no facts in support of those statements.

For more than ten hours, other inmates told unidentified officials that plaintiff needed medical attention. Plaintiff writes: "The defendants knew or should have known this was an 8th Amendment Constitutional violation because it was a form of deliberate indifference and a form of cruel and unusual punishment and the defendants thereby denied the plaintiff [adequate] medical treatment in violation of Equal Protection under the law and Due Process under the law." *Id.* Plaintiff was taken to the hospital and treated, and upon his return to the jail, he was placed in a cell with no bedding or toilet facilities. Plaintiff does not explain whether toilet facilities were available to him outside the cell, nor does he state how long he was held in the cell. He seeks $1.5 million in damages, and writes: "The plaintiff prays that this Honorable Court accept this above and entitled motion." *Id.* at 5.

## Discussion

Plaintiff's allegations concerning Fibbs's use of force appear serious. However, plaintiff did not specify the capacity in which he sues Fibbs or Dobbs, even though the Court specifically instructed him to do so. The Court must therefore interpret the amended complaint as asserting official-capacity claims against both defendants. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which he is suing the defendant, [courts] interpret the complaint as including only official-capacity claims.").

As the Court explained in its prior order, naming a government official in his official capacity is the equivalent of naming the entity that employs him. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Here, plaintiff's allegations establish that Fibbs is employed by

4

the Butler County Jail, and Dobbs is employed as the Sheriff of Butler County. As previously explained, entities like jails and sheriff's departments are not suable entities. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (a department or subdivision of local government is not a "juridical," or suable, entity under 42 U.S.C. § 1983). Additionally, the amended complaint contains no non-conclusory allegations that would state a claim of municipal liability. *See Mick v. Raines,* 883 F.3d 1075, 1079 (8th Cir. 2018); *see Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978).

The Court therefore concludes the amended complaint fails to state a claim upon which relief may be granted against Fibbs or Dobbs. Moreover, the amended complaint would not state an individual-capacity claim against Dobbs because it contains no facts to support plaintiff's conclusions that Dobbs failed to supervise and/or train Fibbs. Instead, plaintiff's claims against Dobbs sound in *respondeat superior*, which is not cognizable in these proceedings. *See Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).

It is also apparent that plaintiff intends to claim he was denied constitutionally-adequate medical care. However, the amended complaint pleads no facts to support plaintiff's conclusory statement that either defendant, or any other official, was deliberately indifferent to a serious illness or injury. The amended complaint therefore fails to state a plausible claim premised upon the denial of adequate medical care. *See Senty-Haugen v. Goodno,* 462 F.3d 876, 889-90 (8th Cir. 2006). Finally, the amended complaint pleads no facts permitting the conclusion that plaintiff was subjected to conditions or restrictions that were unconstitutionally punitive, or otherwise violated his constitutional rights. *See Bell v. Wolfish,* 441 U.S. 520, 536-37 (1979). Therefore, for the foregoing reasons, the Court concludes the amended complaint fails to state a claim upon which relief may be granted, and is subject to dismissal.

The Court will not dismiss this action at this time, and will instead give plaintiff the opportunity to file a second amended complaint. Plaintiff is advised that the second amended complaint will replace the original and amended complaint. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the second amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff should also indicate whether he intends to sue each defendant in his individual capacity, official capacity, or both.[1] Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim.

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

6

transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.,* 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff is reminded that he must avoid attempting to amend a complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, plaintiff must file a single comprehensive second amended complaint that clearly sets forth his claims for relief. *See Popoalii v. Correctional Medical Services,* 512 F.3d 488, 497 (8th Cir. 2008).

Accordingly,

**IT IS HEREBY ORDERED** that, within thirty (30) days of the date of this order, plaintiff shall file a second amended complaint in accordance with the instructions herein.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's form Prisoner Civil Rights Complaint Under 42 U.S.C. § 1983.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 7th day of October, 2021.


_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE

8