**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| GEORGE ROBERT STRAHAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:21-cv-28-SNLJ |
| ) | |
| GREGORY FIBBS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of a second amended complaint filed by plaintiff George Robert Strahan, a pretrial detainee at the Butler County Jail. For the reasons explained below, the Court will partially dismiss the second amended complaint, and will direct the Clerk of Court to issue service of process regarding the remaining claims.

**Background**

At the time of the events giving rise to plaintiff's claims, he was a pretrial detainee at the Butler County Jail (also "Jail"). He filed the original complaint against the Jail and a corrections officer. Upon initial review, the Court determined that while it appeared plaintiff intended to claim he had been subjected to excessive force and denied adequate medical care, he failed to allege sufficient facts to state such claims, and failed to identify the person or persons responsible. The Court entered an order directing plaintiff to file an amended complaint to clearly set forth his claims and supporting allegations. In that order, the Court explained the reasons the complaint was subject to dismissal, and gave plaintiff clear instructions about how to prepare the amended complaint. The Court specifically instructed plaintiff, *inter alia*, that he must specify the capacity in which he sued each defendant, and he must allege facts explaining how each named defendant

was personally involved in, and directly responsible for, causing harm.

Plaintiff timely filed an amended complaint against correctional officer Gregory Fibbs and Sheriff Mark Dobbs. Plaintiff clearly intended to hold Fibbs liable for using excessive force against him, and to hold Dobbs liable because he was Fibbs's supervisor. It appeared that plaintiff also intended to assert claims premised upon inadequate medical care. However, plaintiff did not specify the capacity in which he sued either defendant, leaving the Court to interpret the amended complaint as bringing only official capacity claims that did not survive initial review. Additionally, the amended complaint failed to allege facts that would state a claim premised upon inadequate medical care, and it was clear that plaintiff's claims against Dobbs were based solely upon his position as Fibbs's supervisor. Noting that plaintiff's allegations against Fibbs were potentially serious, the Court gave him the opportunity to file a second amended complaint, again giving him clear instructions about how to prepare it. Plaintiff has now filed a second amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standard on Initial Review

This Court is required to review complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*,

550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Second Amended Complaint

Plaintiff filed the second amended complaint against Fibbs and Dobbs in their individual capacities. While plaintiff did not follow all of the Court's instructions in preparing the second amended complaint, the essence of his allegations is discernible. He alleges as follows.

On August 12, 2019, plaintiff and Fibbs had a verbal disagreement. As plaintiff turned to go back into his cell, Fibbs grabbed him from behind in a "choke hold" and "choked [him] for some time." Plaintiff did not resist. Fibbs then "power slam[m]ed" plaintiff to the floor, tapped him on the chest, and said "have a nice day."

Afterwards, plaintiff was in pain and laid on his bunk. He asked Fibbs and other persons for medical care. However, he did not receive medical care until approximately nine hours later, when an ambulance arrived to take him to the hospital. Once there, "basic xrays" were taken, and plaintiff was given unspecified pain medication. He was returned to the Jail, and placed in a "dry" cell that lacked running water and a toilet. The cell placement lasted 13 hours. Plaintiff does not identify the person or persons responsible for that cell assignment. Plaintiff told two non-party Jail officials that he wanted assault charges brought against Fibbs, but was denied "such priv[liege]."

As in the amended complaint, plaintiff claims Dobbs is liable to him because he was Fibbs's supervisor. He states he is "sure The Sheriff Mark Dobbs" was aware that Fibbs had assaulted other inmates "and sev[e]ral times assaulting me." However, with the exception of the August 12, 2019 incident, plaintiff does not describe any use of force by Fibbs, or otherwise explain the basis for his statements that Fibbs assaulted other inmates and assaulted him "sev[e]ral times." Additionally, plaintiff does not allege that he had made Dobbs aware of any prior misconduct on the part of Fibbs, nor does he explain the basis for his belief that Dobbs was aware of such misconduct. Plaintiff does clearly allege that he wrote to Dobbs and asked him to bring assault charges against Fibbs stemming from the August 12, 2019 incident, but Dobbs failed to do so.

Plaintiff avers he asked unidentified "medical staff" for an MRI, CT scan, and other testing, but did not receive it. He states Dobbs did not allow "other tests on me" and Fibbs "denied me medical treatment," but he does not explain what he means by that. At no point does plaintiff allege he was denied testing or care that was recommended by a medical professional, nor does he explain why he believed he needed an MRI, CT scan, or other testing.

Plaintiff claims the August 12, 2019 incident caused pain and exacerbated prior neck and

back injuries, and he now has limited range of motion. He seeks $1 million in damages.

## Discussion

The Supreme Court has determined that the government may detain defendants before trial and "subject [them] to the restrictions and conditions of [a] detention facility so long as those conditions and restrictions do not amount to punishment, or otherwise violate the Constitution." *Bell v. Wolfish*, 441 U.S. 520, 536-37 (1979). *See Kingsley v. Hendrickson*, 576 U.S. 389, 397-98 (2015). To bring a claim for excessive force under § 1983, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable." *Kingsley*, 576 U.S. at 396-97. *See Ryan v. Armstrong*, 850 F.3d 419, 427 (8th Cir. 2017). Having liberally construed the second amended complaint and accepted plaintiff's factual allegations as true, the Court concludes that plaintiff has stated a plausible excessive force claim against Fibbs.

Plaintiff can also be understood to claim that Fibbs is liable to him for delaying his receipt of medical care. In considering a pretrial detainee's claim of wrongful delay of medical care, the Eighth Circuit determined that a "[d]elay in the provision of treatment or in providing examinations can violate inmates' rights when the inmates' ailments are medically serious or painful in nature." *Dadd v. Anoka Cty.*, 827 F.3d 749, 755 (8th Cir. 2016) (citation omitted). Here, plaintiff can be understood to claim he was in pain after Fibbs choked him and slammed him to the floor, that Fibbs failed to act on his request for medical treatment, and that plaintiff therefore laid in pain for approximately nine hours. Having liberally construed the second amended complaint and accepted plaintiff's factual allegations as true, the Court concludes plaintiff has stated a plausible claim against Fibbs premised upon the delay in the provision of medical care.

Plaintiff also claims he was denied an MRI, CT scan, and other testing. These allegations do not state a plausible claim for relief. Plaintiff does not allege he was denied testing or treatment

that was recommended by a medical professional, nor does he attempt to explain why he believed he needed an MRI, CT scan, or other tests. Even if he had so alleged, he does not allege that Fibbs or Dobbs were personally involved in, or directly responsible for, denying any such testing. As the Court previously explained to plaintiff, liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). *See also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (to be cognizable under § 1983, a claim must allege that the defendant was personally involved in or directly responsible for the incidents that deprived the plaintiff of his constitutional rights).

Similarly, plaintiff states that upon his return to the Jail, he was temporarily placed in a "dry" cell. These statements also fail to state a plausible claim for relief against Fibbs or Dobbs. First, plaintiff alleges no facts permitting the inference that the temporary cell assignment was punitive. *See Bell*, 441 U.S. at 536-37 (detainees may be subjected to the restrictions and conditions of a detention facility as long as those restrictions and conditions do not amount to punishment). Even if the Court were to presume that the temporary cell assignment was unconstitutionally punitive, plaintiff's allegations would not state a plausible claim against Fibbs or Dobbs because they do not permit the inference that Fibbs or Dobbs were responsible for the cell assignment, or were even aware of it. As noted above, "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." *Madewell*, 909 F.2d at 1208. This Court has twice explained to plaintiff the importance of alleging facts in support of his claims, and the importance of demonstrating the personal responsibility of each named defendant. This Court will not now assume facts plaintiff has not alleged. *See Stone*, 364 F.3d at 914.

Next, plaintiff can be understood to identify Dobbs as Fibbs's supervisor, and to claim Dobbs is therefore liable to him for Fibbs's use of excessive force. Supervisors can incur liability

6

if they are personally involved in violating the plaintiff's constitutional rights, or if their corrective inaction amounts to deliberate indifference to, or tacit authorization of, their subordinates' violative practices. *See Choate v. Lockhart*, 7 F.3d 1370, 1376 (8th Cir. 1993); *see also Luckert v. Dodge County,* 684 F.3d 808, 817 (8th Cir. 2012) and *Langford v. Norris,* 614 F.3d 445, 460 (8th Cir. 2010). Here, plaintiff alleges no facts permitting the inference that Dobbs was personally involved the August 12, 2019 incident, or in any alleged violation of his constitutional rights. Plaintiff also fails to allege facts that would show Dobbs had notice of a pattern of unconstitutional acts committed by Fibbs, and ignored or tacitly authorized them or failed to take remedial action. Instead, as in the amended complaint, plaintiff clearly proceeds against Dobbs based upon on theory of *respondeat superior*. However, as previously explained, Dobbs cannot be held liable under § 1983 on such theory. *See Livers v. Schenck*, 700 F.3d 340, 355 (8th Cir. 2012); *Langford,* 614 F.3d at 460.

Plaintiff also alleges that Dobbs (and non-party Jail officials) failed to honor his request to initiate criminal charges against Fibbs. These allegations do not state a cognizable § 1983 claim because plaintiff does not have a judicially cognizable interest in having Fibbs charged with a crime. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Having thoroughly reviewed and liberally construed the second amended complaint, the Court concludes it fails to state a claim upon which relief may be granted against Dobbs. Dobbs will therefore be dismissed from this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Sheriff Mark Dobbs is **DISMISSED** from this action, without prejudice. A separate order of partial dismissal will be entered herewith.

**IT IS HEREBY ORDERED** that an appeal from this partial dismissal would not be taken in good faith.

**IT IS FURTHER ORDERED** that the Clerk of Court shall issue process, or cause process to issue, upon the second amended complaint (ECF No. 11) as to defendant Gregory Fibbs. Defendant shall be served by issuance of summons and service by the U.S. Marshal's Service at the Butler County Jail, 200 Oak Street, Poplar Bluff, Missouri 63901.

Dated this __1st__ day of February, 2022.

STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE