# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| GEORGE ROBERT STRAHAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:21-CV-28-SNLJ |
| | ) | |
| GREGORY FIBBS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon self-represented plaintiff George Robert Strahan's motion asking this Court to "enter judgement on Gregory Fibbs et al . . . on the default and all there in." (ECF No. 27). The Court will deny the motion, and give Plaintiff the opportunity to file an appropriate motion for default judgment supported by the necessary documentation.

The background of this case is fully set forth in the prior orders of this Court, but the Court recites the essential facts here. Defendant Gregory Fibbs, a correctional officer, is the sole remaining defendant in this matter. He was served with process on March 11, 2022, but failed to respond to the Second Amended Complaint within the time required by Rule 12 of the Federal Rules of Civil Procedure. Plaintiff subsequently filed a motion in which he asked to be awarded $1.5 million in damages and other relief, and he could also be understood to seek the Clerk's entry of Fibbs's default. On June 14, 2022, the Clerk entered Fibbs's default, but denied as moot the additional claims Plaintiff asserted in the motion.

In the motion now before the Court, Plaintiff references the Clerk's June 14, 2022 order, and can be understood to seek the entry of default judgment pursuant thereto. However, while the Clerk's entry of Fibbs's default is a necessary step before default judgment may be entered, it

does not entitle Plaintiff to default judgment as a matter of right. "While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages." *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992). A default judgment cannot be entered until the amount of damages has been ascertained. *Hagen v. Sisseton-Wahpeton Cmty. Coll.*, 205 F.3d 1040, 1042 (8th Cir. 2000).

A party entitled to judgment by default is required to prove the amount of damages that should be awarded. *Oberster v. Fed. Deposit Ins. Corp.*, 987 F.2d 494, 505 n.9 (8th Cir. 1993). Such party must establish, with reasonable certainty, the basis for the damages. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818–19 (8th Cir. 2001) (affirming district court's decision to not award damages after default judgment hearing where damages were "speculative and not proven by a fair preponderance of the evidence").

Plaintiff will be given the opportunity to file an appropriate motion for entry of default judgment pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, should he wish to do so. If Plaintiff chooses to file such a motion, he must establish, with reasonable certainty, the basis for any damages he seeks as a result of Fibbs's conduct. Plaintiff may file relevant affidavits and/or declarations submitted under penalty of perjury, or other relevant materials. If Plaintiff chooses to submit his own affidavit or declaration submitted under penalty of perjury in support of the motion, he shall limit himself to filing one such affidavit or declaration. Plaintiff may file the affidavits or declarations of other individuals, <u>if relevant</u>, but he must avoid submitting any irrelevant material. Although defendant Fibbs is in default, he may respond to Plaintiff's submissions with respect to the amount of damages.

At present, the Court does not intend to exercise its discretion to conduct an evidentiary

2

hearing or take oral testimony on such motion, should Plaintiff choose to file it.  Instead, the Court intends to decide the motion based upon plaintiff's submissions, and any response from defendant Fibbs, if filed.  *See  Stephenson v. El-Batrawi*, 524 F.3d 907, 916 (8th Cir. 2008) ("The need for a hearing is within the sound discretion of the district court under  Fed. R. Civ. P. 55(b)(2)(B).").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff George Robert Strahan's motion (ECF No. 27) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff shall have to and including **Friday, August 26, 2022** to file an appropriate motion for entry of default judgment, supported by all necessary affidavits and documentation, along with an appropriate proposed default judgment for under Rule 55(b) against defendant Gregory Fibbs.  Any and all affidavits, declarations signed under penalty of perjury, or other relevant materials shall be filed together with the motion.  Extraneous and irrelevant material will not be considered.

**IT IS FURTHER ORDERED** that the Clerk shall mail a copy of this Order to defendant Gregory Fibbs at the address specified on page 1 of ECF No. 19, the Process Receipt and Return.

**Plaintiff's failure to file an appropriate motion for default judgment within the time specified shall result in the dismissal of this action.**

Dated this 25th day of July, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE