UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE ROBERT STRAHAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:21-CV-28-SNLJ |
| GREGORY FIBBS, et al., | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

George Strahan, an inmate proceeding pro se, seeks damages under 18 U.S.C § 1983 from defendant Gregory Fibbs, a prison corrections officer, for allegedly attacking plaintiff and then delaying plaintiff's access to medical treatment while incarcerated at the Butler County Jail in Butler County, Missouri. [Doc. 11]. Service was attempted on defendant at the Butler County Jail in Butler County, Missouri, but the process receipt form indicates that defendant had since moved to Louisiana. [Doc. 19.] Service was then attempted at defendant's place of employment. *Id.* However, defendant was not personally served. Instead, service was accepted by a Sgt. A. Jarrell at the Rapides Parish Sheriff's Office. Because there is no indication that defendant was properly served under Federal Rule of Civil Procedure 4,[1] the Clerk of Court should not have entered an entry of judgment and default judgment is not appropriate.

---

[1] All rule references are to the Federal Rules of Civil Procedure unless otherwise indicated.

The clerk will enter an entry of default for plaintiff if plaintiff can show through affidavit that the defendant was properly served under Rule 4 and yet defendant failed to appear in Court.  Fed. R. Civ. P. 55(a).  Because default judgement is only proper where defendant has received notice through proper service of process, the Court will also verify that defendant was properly served.

As noted, the Process Receipt and the Proof of Service [Doc. 19] states that there was an initial attempt at service at the Butler County, Missouri Sheriff's Office, but the defendant was no longer employed there. *Id.*  The return states that defendant had moved to Louisiana and was employed at the Rapides Parish Sheriff's office.  *Id.*  Service of process was then purportedly made on a Sgt. A. Jarrell at the Rapides Parish Sheriff's Office.  There is no indication that defendant was personally served.  There is no indication that the address of service was defendant's domicile.  Nor is there any indication of the relationship between Sergeant Jarrell and defendant—whether Sergeant Jarrell is an agent authorized by appointment or law to accept service on behalf of defendant.  Fed. R. Civ. P. 4(e)(2)(C).  At best, Sergeant Jarrell is some sort of supervisor or coworker of defendant, but this is not clear.  To be sure, defendant was not served by any proper method of service under Rule 4(e)(2).

Rule 4(e)(1) provides for alternative methods of service to be made according to the law of the state where the district court sits or where service is made, but neither the laws of Missouri nor Louisiana allow for service of process by serving a coworker or supervisor.  Mo. Sup. Ct. R. 54.14 (allowing for service of process to be made outside the state

according to Mo. Sup. Ct. R. 54.13(b)); *Id.* 54.13(b)(1) (specifying methods of service for individuals); La. Code Civ. Proc. Ann. Bk. II, T. II, Ch. 2 (specifying methods of service for individuals).  Because proper service of process was not made under Rule 4 nor the laws of Missouri or Louisiana, there should not have been an entry of default.  Accordingly, the Clerk's entry of default [Doc. 26] is vacated and all related orders and motions pertaining to the filing of a motion for default are withdrawn.  [Doc. 22; Doc. 23; Doc. 24; Doc. 25; Doc. 26; Doc. 27; Doc. 29; Doc. 31]

Plaintiff will have forty-five (45) days from the issuance of this order to locate and serve defendant Gregory Fibbs, either personally, or at his residence or usual place of abode with someone of suitable age and discretion who resides there.  Fed. R. Civ. P. 4(e)(2). Plaintiff should forward all defendant's contact information to the Clerk of Court along with a copy of plaintiff's second amended complaint [Doc. 11] with instructions to have the U.S. Marshals serve defendant in accordance with plaintiff's in forma pauperis status. [Doc. 6.]

Because the Court is taking these aforementioned steps, the Court will also deny plaintiff's pro se motion for mental health records [Doc. 30; Doc. 32.] as moot because defendant needs proper service of process and a chance to respond.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for extension of time to file mental health records [Doc. 30] and his motion to order mental health records [Doc. 32] are **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Clerk of Court **VACATE** the entry of default against Defendant Gregory Fibbs [Doc. 26] and **WITHDRAW** the Court's other orders and plaintiff's motions pertaining to the filing of default judgment [Doc. 22; Doc. 23; Doc. 24; Doc. 25; Doc. 26; Doc. 27; Doc. 29; Doc. 31.]

**IT IS FINALLY ORDERED** that plaintiff will have forty-five (45) days from the issuance of this order to locate and serve defendant Gregory Fibbs, either personally or at his residence or usual place of abode with someone of suitable age and discretion who resides there. Fed. R. Civ. P. 4(e)(2). Plaintiff should forward all defendant's contact information to the Clerk of Court along with a copy of plaintiff's second amended complaint [Doc. 11] with instructions to have the U.S. Marshals serve defendant in accordance with plaintiff's in forma pauperis status. [Doc. 6.]

Dated this 21st day of October, 2022.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE