UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE ROBERT STRAHAN, | ) |
| Plaintiffs, | ) |
| v. | ) Case No. 1:21-CV-28-SNLJ |
| GREGORY PHIBBS, | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

This matter is before the Court on the plaintiff's Motion for Entry of Amended/Corrected Judgment pursuant to Federal Rule of Civil Procedure 60(a), in which plaintiff seeks to change the defendant's name in the judgment from "Phibbs" to "Phipps." No response has been filed. For the reasons explained below, plaintiff's motion will be denied. The default judgment previously entered is vacated for lack of personal jurisdiction, and plaintiff will be given 30 days to reissue summons to Gregory Phipps.

## I. Factual Background

Plaintiff George Strahan filed his initial complaint against an Unknown Phibbs on February 11, 2021. [Doc. 1]. On June 28, 2021, Strahan amended the complaint by naming "Gregory Fibbs" as defendant. [Doc. 7]. On February 1, 2022, this Court ordered that summons be issued by the Clerk to a Gregory Fibbs in Poplar Bluff, Missouri. [Doc. 13]. On February 17, 2022, the summons was returned as undeliverable. [Doc. 17]. Upon

receiving a new address for defendant, the clerk reissued the summons to a Gregory Fibbs in Alexandria, Louisiana. [Doc. 19]. The return of service was filed with the Court on April 20, 2022. The return shows that the summons was not actually served on any Gregory Fibbs but to the Rapides Parish Sheriff's Office (RPSO) Sgt. A. Jarrell, who was authorized to accept summons on behalf of the RPSO that allegedly employed a Gregory "Phibbs."

Each time a summons or judgment has been entered in this case, the Court and the Clerk have used the spelling requested by the Defendant. A Clerk's entry of default was entered under the name "Gregory Phibbs" upon request by plaintiff. [Docs. 47-8]. Upon proper motion by counsel, a final default judgment was issued in favor of plaintiff against "Gregory Phibbs." [Doc. 60; *see also* Doc. 58-9]. Thereafter, plaintiff apparently determined that the defendant's name was actually "Phipps" rather than "Phibbs," and now seeks to amend the default judgment accordingly. [Doc. 75].

## II.  Motion for Entry of Amended/Corrected Judgment

Rule 60 of the Federal Rules of Civil Procedure allows the Court to provide relief from a judgment by correcting a "clerical mistake arising from oversight or omission." The Eighth Circuit has held that "a court may correct a judgment so as to reflect what was understood, intended and agreed upon by the parties and the court." *Kocher v. Dow Chem. Co.*, 132 F.3d 1225, 1229 (8th Cir. 1997) (internal citation omitted). The court further explains that "Rule 60(a) permits only a correction for the purpose of reflecting accurately a decision that the court actually made." *Id.* (internal citation omitted). Other Circuits have similarly found that Rule 60(a) only applies where "changes…implement the result

2

intended by the court at the time the order was entered." *Wesco Products Co. v. Alloy Automotive Co.*, 880 F.2d 981, 984 (7th Cir. 1989). *See also Truskoski v. ESPN, Inc.*, 60 F.3d 74 (2d Cir. 1995); *United States v. Griffin*, 782 F.2d 1393 (7th Cir. 1986); *Dura-Wood Treating Co. v. Century Forest Industries*, 694 F.2d 112 (5th Cir. 1982); *Williams v. City of Beverly Hills*, No. 4:04-CV-631 CAS, 2006 WL 1360875 (E.D. Mo. 2006); *Schoenbaum v. E. I. Dupont De Nemours and Co.*, No. 4:05-CV-1108 ERW, 2009 WL 1451700 (E.D. Mo. 2009) ("orders…cannot be used to change something that was deliberately done by the court"); *Skillington v. Activant Solutions, Inc.*, No. 4:09CV673MLM, 2010 WL 55622 (E.D. Mo. 2010).

Again, the error sought to be corrected is changing defendant's last name in the default judgment from "Phibbs" to "Phipps." [Doc. 75]. Although defendant's name has changed many times throughout this case, "Phipps" is an entirely new iteration of the name. This Court did not err in issuing a default judgment against "Phibbs," as that was the name of the defendant against whom default judgment is sought. [Doc. 58-9]. Thus, there was "no clerical mistake arising from oversight or omission," and there was no error on the part of the Court or its agents. *See* Fed. R. Civ. Pro. 60(a). The Court will deny the motion to Amend/Correct the Judgment under Rule 60(a).

**III.   Reconsideration of Default Judgment for Lack of Personal Jurisdiction**

Personal jurisdiction requires proper service of process that provides a defendant with notice of the lawsuit. "[S]ervice of summons is the procedure by which a court having venue and jurisdiction of the subject matter of the suit asserts jurisdiction over the person

3

of the party served." *Omni Capital Inter. LTD v. Rudolf Wolff & Co, LTD.*, 484 U.S. 97, 104 (1987).  Rule 4(a)(1)(A)-(B) requires that the summons "name the court and the parties" and "be directed to the defendant."  Absent valid service of process against a proper party, there is no personal jurisdiction over the party. *Printed Media Services, Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993) ("If a defendant is improperly served, a federal court lacks jurisdiction over the defendant.") (citation omitted).  *See also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 355-56 (1999); *Norsyn, Inc. v. Desai*, 351 F.3d 825, 828 (8th Cir. 2003); *Dodco, Inc. v. Am. Bonding Co.*, 7 F.3d 1387 (8th Cir. 1993).  If there is no jurisdiction over a case, the judgment is void, and the court must relieve a party of final judgment.  Fed. R. Civ. P. 60(b)(4).

     Here, the summons was issued to a "Gregory Fibbs." [Doc. 15].  Eventually, however, the default judgment was awarded against "Gregory Phibbs." [Doc. 60].  Now the Court is told that the Defendant is properly named "Gregory Phipps." [Doc. 75]. "Fibbs" is distinct enough from "Phipps" that the court finds that the summons failed to "be directed to the defendant" as per Rule 4(a)(1)(B).  As a result, the entry of default and the default judgment are found void for lack of personal jurisdiction.  The issuance of default and order of default judgment will be vacated. Plaintiff will be given 30 days to serve Gregory Phipps with process.

4

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amend [Doc. 75] is DENIED.

**IT IS FURTHER ORDERED** that default [Doc. 48] and default judgment [Doc. 60] are vacated for lack of personal jurisdiction.

**IT IS FINALLY ORDERED** that the Clerk of Court shall issue process, or cause process to issue, upon the second amended complaint [Doc. 11] as to defendant Gregory Phipps. Plaintiff will be given thirty (30) days leave to serve Gregory Phipps.

Dated this 4th day of September, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE