UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| GEORGE ROBERT STRAHAN, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 1:21-cv-00028-SNLJ |
| GREGORY PHIPPS, | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for entry of default judgment [Doc. 97] and on defendant Gregory Phipps' motions to stay an entry of default judgment [Doc. 98], to set aside the entry of default [Doc. 99], and for leave to file an answer out of time [Doc. 102]. The motions are fully briefed. For the reasons set forth below, the motion to set aside the entry of default and motion for leave to file an answer out of time are **GRANTED**; and the motion for entry of default judgment and motion to stay an entry of default judgment are **DENIED AS MOOT**.

### I. BACKGROUND

This case has an exceedingly complicated procedural background due to plaintiff's inability to identify Gregory Phipps as the proper party defendant.

On February 11, 2021, Plaintiff George Robert Strahan filed a prisoner civil rights complaint under 42 U.S.C. § 1983 alleging excessive force and deliberate indifference to medical needs against Butler County Jail and C/O Phibbs. [Doc. 1]. An amended complaint was then filed on June 28, 2021, against Sheriff Mark Dobbs and Gregory

Fibbs.  [Doc. 7].  Then, on November 8, 2021, plaintiff filed a second amended complaint.  [Doc. 11].

On February 1, 2022, this Court dismissed Sheriff Mark Dobbs without prejudice and ordered the Clerk of Court to issue process, or cause process to issue, upon the second amended complaint as to defendant Gregory Fibbs.  [Doc. 13].  Summons was served on defendant Gregory Fibbs on March 11, 2022.  [Doc. 19].  An answer or other responsive pleading was due by April 1, 2022.  No answer or other responsive pleading was filed.

On May 4, 2022, this Court ordered plaintiff to file an appropriate motion for the Clerk's entry of default against defendant Gregory Fibbs pursuant to Federal Rule of Civil Procedure 55(a) within 30 days.  [Doc. 22].  Plaintiff was granted an extension to file the motion for the Clerk's entry of default against defendant Gregory Fibbs.  [Doc. 24].  Once plaintiff filed his motion, the Clerk's default as to defendant Gregory Fibbs entered on June 14, 2022.  [Doc. 26].

Plaintiff then filed a motion for default judgment against defendant Gregory Fibbs on July 1, 2022.  [Doc. 27].  That motion was denied, and plaintiff was granted additional time to file an appropriate motion for entry of default judgment.  [Doc. 29].  Plaintiff did file a motion for default judgment.  [Doc. 31].  On October 21, 2022, this Court entered an order vacating the Clerk's entry of default and withdrawing all related orders and motions pertaining to the filing of a motion for default because proper service of process was not made under Federal Rule of Civil Procedure 4 nor the laws of Missouri or

2

Louisiana. [Doc. 33]. Plaintiff was granted 45 days to locate and serve defendant Gregory Fibbs. [*Id.*].

On December 19, 2022, defendant Gregory Fibbs was served.[1] Plaintiff moved for entry of default as to defendant Phibbs. [Doc. 44]. The Clerk's entry of default as to defendant Phibbs entered on February 7, 2023 [Doc. 48]. On February 14, 2023, plaintiff moved for default judgment against defendant Phibbs. [Doc. 49]. That motion for default judgment was denied as moot on July 26, 2023, and plaintiff's counsel was ordered, when ready, to file appropriate motions for default judgment with all necessary affidavits and documentation. [Doc. 57].

On July 31, 2023, plaintiff filed his motion for default judgment with supporting documentation. [Doc. 58]. On August 31, 2023, this Court entered a judgment in favor of plaintiff and against defendant Phibbs for $1,000,000.00. [Doc. 60]. On August 13, 2024, plaintiff filed an amended motion to amend/correct entry of judgment because defendant's name was Phipps instead of Phibbs. [Doc. 75]. This Court denied that motion and vacated the default and default judgment for lack of personal jurisdiction. [Doc. 77].

Plaintiff was ordered to serve defendant Gregory Phipps within 30 days. [*Id.*]. Plaintiff was then granted an additional 45 days to serve defendant Phipps. [Doc. 83]. Plaintiff still failed to serve defendant Phipps, so on January 13, 2025, this Court issued

---

[1] The return of summons indicated that defendant Gregory Fibbs was actually spelled Gregory Phibbs. [Doc. 40]. This Court entered an order correcting the caption heading in this case to be *Strahan v. Phibbs*, and that defendant's name be corrected from "Fibbs" to "Phibbs." [Doc. 41].

3

an Order to Show Cause for the failure to timely serve defendant Phipps. [Doc. 84]. Plaintiff responded and additional time was granted to serve defendant Phipps. [Doc. 87]. Defendant Gregory Phipps was served on February 25, 2025, with an answer or responsive deadline of March 18, 2025. [Doc. 90]. No answer or responsive pleading was filed.

On June 5, 2025, plaintiff filed a motion for entry of clerk's default against defendant Gregory Phipps. [Doc. 92]. The Clerk's default was entered on June 17, 2025. [Doc. 93]. On July 14, 2025, plaintiff filed his motion for default judgment with supporting documents. [Doc. 97].

Defendant Phipps has now responded by filing a motion to stay entry of a default judgment [Doc. 98], a motion to set aside the entry of default [Doc. 99], and a motion for leave to file his answer to the second amended complaint out of time [Doc. 102] alleging that he was told by Butler County Sheriff's Department that the claims were being taken care of. Plaintiff objects to Defendant's motions claiming prejudice and lack of good cause under Federal Rule of Civil Procedure 55. [Docs. 103, 104]. Defendant Phipps filed replies in support of his motions arguing that good cause does, in fact, exist. [Docs. 105, 106].

## II.    LEGAL STANDARD

There is a strong judicial preference for adjudication of cases on the merits and any doubts about setting aside an entry of default should be resolved in favor of setting it aside. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). Federal Rule of Civil Procedure 55(c) provides, "The court may set aside an entry of default for good cause…"

4

Fed. R. Civ. P. 55(c).  The same factors are typically considered in deciding whether to set aside an entry of default under Rule 55(c) and in deciding whether to set aside a default judgment under Rule 60(b).  *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783-84 (8th Cir. 1998).  However, the factors are less stringently applied with regard to setting aside an entry of default under Rule 55(c) because it is likely that a party who promptly attacks an entry of default, rather than waiting for the grant of a default judgment, was guilty of oversight and wishes to defend the case on the merits.  *Id.*

In determining whether there is good cause to set aside a default judgment, the Eighth Circuit considers whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default was excused.  *Forsythe v. Hales,* 255 F.3d 487, 490 (8th Cir. 2001) *quoting Johnson*, 140 F.3d at 784.   Blameworthiness or culpability is often distinguished by contumacious or intentional delay or disregard for deadlines and procedural rules rather than a "marginal failure" to meet pleading or other deadlines.  *Johnson,* 140 F.3d at 784.  Rule 55(c) relief is often granted "for marginal failures when there were meritorious defenses and an absence of prejudice."  *Id.*

### III.   DISCUSSION

**A.  Blameworthy or Culpable Conduct**

Defendant Phipps argues that his conduct was not blameworthy or culpable in that he was under a wrong, but reasonable, impression that he was represented or taken care of in this action by his former employer, Butler County Jail.  Upon being served with summons, defendant Phipps immediately contacted his former supervisor at Butler

5

County Jail.  He was told at that time that that case "was over with", "had been taken care of", and "don't worry about it."  [Doc. 100-1 at ¶¶ 11-16].  Defendant Phipps argues that this was not an intentional disregard of deadlines or court procedures.

Upon receiving the notice of entry of default, defendant Phipps again contacted his former supervisor at Butler County Jail.  At that time, he was finally given the contact information for counsel.  Within approximately 30 days of having received the notice of entry of default, defendant Phipps filed his motion to set aside the default.  While defendant Phipps' conduct may have been somewhat careless, it was not contumacious.  There is no indication that defendant Phipps intentionally disregarded the court and its procedures, and his inaction only briefly delayed the litigation.  *Johnson*, 140 F.3d at 785.  Thus, defendant Phipps is guilty of only a marginal failure for which relief from default should be granted <u>if</u> he has a meritorious defense and plaintiff will not suffer significant prejudice.  *Id.*

**B.  Meritorious Defense**

Defendant Phipps argues that he has a meritorious defense to this action.  In his affidavit, defendant Phipps testifies to a completely different sent of facts than those alleged in plaintiff's second amended complaint.  Defendant Phipps testifies that he never choked, or body slammed the plaintiff; and, in fact, it was the plaintiff who became physical and combative with him.  [Doc. 100-1 at ¶¶ 32].  He also testifies that he never denied or delayed providing adequate medical care to plaintiff for any medical condition that he believed posed a significant risk to plaintiff's health or that defendant Phipps was aware had been diagnosed by a medical provider as needing medical care.  [Id. at ¶¶ 33-

6

38]. Defendant Phipps' affidavit supports his assertion of a meritorious defense against plaintiff's allegations of excessive force and deliberately indifferent to medical needs.

## C. Prejudice to Plaintiff

Finally, defendant Phipps argues that plaintiff will not be prejudiced by his motions being granted. Other than the entry of default addressed in these motions, there have been no other pleadings filed, no discovery has been conducted, and a scheduling order has not yet been entered in this case. While the case has been pending since 2021, the delays have been to deal with matters related to the pleadings, service of summons, and jurisdiction over parties. There are no current deadlines in this case that would be delayed if defendant Phipps' motion is granted. Although plaintiff would like to prevail on default, the Court prefers adjudication of cases on the merits. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993). Plaintiff has not been, and will not be, prejudiced by the granting of the defendant's motions.

## IV.  CONCLUSION

Based upon the foregoing, the Court finds good cause to grant defendant Phipps' motion to set aside the entry of default [Doc. 99] and motion for leave to file an answer out of time [Doc. 102]. Entry of default will be set aside for defendant Gregory Phipps. Defendant Phipps will have 30 days in which to file his answer to the second amended complaint.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Gregory Phipps' motion to set aside entry of default [Doc. 99] is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant Gregory Phipps' motion for leave to file an answer out of time [Doc. 102] will be granted and he will have 30 days from the date of today's order in which to file his answer to the second amended complaint.

**IT IS FINALLY ORDERED** that defendant Gregory Phipps' motion to stay an entry of default judgment [Doc. 98] and plaintiff George Robert Strahan's motion for default judgment [Doc. 97] are **DENIED AS MOOT**.

Dated this 13th day of August, 2025.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE